# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:17CV-P147-JHM

QUINTON HAMPTON                                                          PLAINTIFF

v.

DEFENDANT ONE *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Quinton Hampton filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

## I.

Plaintiff is a convicted inmate at the Green River Correctional Complex (GRCC). He names the following Defendants: "Defendant One (Name unknown to Plaintiff)," identified by Plaintiff as a GRCC correctional officer; Adam Loney, identified as a sergeant at GRCC; Ron Beck, identified as a GRCC Deputy Warden; and DeEdra Hart, identified as the GRCC Warden. He sues each Defendant in his or her individual capacity.

Plaintiff reports that he was housed in a restricted housing unit in GRCC. He states that on July 5, 2017, he was scheduled to take a shower and that Defendant One bound him in wrist and ankle restraints to escort him to the shower. He maintains that after he finished showering, Defendant One brought him prison-issued clothing. He states, "Plaintiff observed the clothing and noticed an unidentified stain on the boxers/underwear he was given; upon Plaintiff's assumption, Plaintiff believed the stain to be dried blood." Plaintiff asserts that he "informed

Defendant One of the stain and requested to exchange such boxers to a clean pair[]" and that Defendant One "ignored the Plaintiff and ordered Plaintiff to put the stained boxers on anyway." Plaintiff states that Defendant One bound him in wrist and ankle restraints and escorted him back to his cell. Plaintiff further asserts the following:

> While being escorted, the Plaintiff inquired about why he was given a pair of blood-stained boxers. Plaintiff again requested a clean pair of boxers. . . . Defendant One grabbed the Plaintiff's left buttock maliciously and sadistically while saying in a low tone of voice, "Give them to me then, Mother ******(word omitted), You look better without them!"

(alteration by Plaintiff).

Plaintiff maintains that he reported this incident to Defendant Loney, "who assured the Plaintiff that the incident would be thoroughly investigated." Plaintiff states that on July 7, 2017, "Defendant Loney initiated a disciplinary action against the Plaintiff alleging that Plaintiff filed a fallacious PREA." He reports that on August 22, 2017, he "was convicted of Tampering with Physical Evidence or Hindering Investigation pursuant to Kentucky Corrections Policies and Procedures 15.2 at a prison disciplinary hearing." Plaintiff states that as a result of the disciplinary conviction he was given 30 days disciplinary segregation, suspended for 90 days, and had 60 days of good-time credit forfeited. He states that on September 6, 2017, the Warden concurred with the conviction.

Plaintiff further states that on October 3, 2017, he submitted an open records request for the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq.*, report that he filed on July 5, 2017. According to Plaintiff, he received a memorandum in response informing him that "his request was denied due to 'A PREA Report From Incident on 7/5/17 does not exist. No report exists for the date requested. Therefore, your request[] is denied.'"

Plaintiff alleges, "Defendant One's action against the Plaintiff violated [his] Eighth Amendment right against Cruel and Unusual Punishment. Under the PREA act, no inmate is to be subjected to any sexual act as apart of their criminal punishment." He further states, "Defendant Loney being the PREA investigator and Defendant Beck and Defendant Hart being the deputy warden and warden having the Plaintiff in their custody acted deliberately indifferent to the PREA act by not acting to properly investigate the incident and correct the action of Defendant One." He states that he "was sexually and verbally assaulted with emotional injuries."

In addition, Plaintiff alleges, "Defendant Loney's action of initiating a disciplinary action against the Plaintiff and the Defendant Beck and Defendant Hart concurring in this action violated the Plaintiff's First Amendment Right to Freedom of Speech." He continues, "As a result, the Plaintiff was punished with segregation and a loss of good time extending the Plaintiff's sentence and the Plaintiff's first amendment right to speech is threatened from future use through fear of retaliation as not to file grievances or PREA complaints."

Included in the attachments to the complaint are Plaintiff's July 7, 2017, disciplinary report and hearing and appeal forms from the August 22, 2017, disciplinary hearing. In Plaintiff's appeal, Plaintiff maintained that the conviction should be overturned because the hearing officer did not view camera footage of the incident, which Plaintiff had requested and which Plaintiff suggested would have proven that the incident occurred.

As relief, Plaintiff requests the Court to declare that Defendant One violated his Eighth Amendment rights when he "sexually and verbally assaulted the Plaintiff"; declare that Defendant Loney violated his Eighth Amendment rights when he "failed to properly investigate the PREA incident and take proper action thereafter"; declare that Defendants Beck and Hart

violated his Eighth Amendment rights "when having the Plaintiff in their custody failed to protect the Plaintiff from PREA acts done by KDOC employees"; declare that Defendant Loney violated his First Amendment right against retaliation by "initiating a disciplinary action against the Plaintiff for filing a PREA report"; and declare that Defendants Beck and Hart violated his First Amendment right against retaliation for "concurring with the conviction of the disciplinary action against the Plaintiff for filing a PREA report[.]" Plaintiff also seeks compensatory and punitive damages and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### *Sexual and verbal assault*

"[B]ecause the sexual . . . abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (internal citations omitted). To prevail on a claim of sexual abuse, "an inmate must therefore prove, as an objective matter, that the alleged abuse . . . caused 'pain' and, as a subjective matter,

5

that the officer in question acted with a sufficiently culpable state of mind." *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

However, minor, isolated incidents of sexual touching do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (per curiam) (holding that correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in a degrading manner was "isolated, brief, and not severe" and thus failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 U.S. App. LEXIS 11463, at *4 (6th Cir. May 11, 2000) (holding that male prisoner's claim that a male officer placed his hand on the prisoner's buttocks in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (holding that, where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *Reynolds v. Warzak*, No. 2:09-cv-144, 2011 U.S. Dist. LEXIS 101398, at *7-8 (W.D. Mich. Sept. 8, 2011) (finding that an officer grabbing "Plaintiff's butt cheeks with both hands and spread[ing] them apart," while making degrading statements did not state an Eighth Amendment claim even when the plaintiff stated that the officer rubbed his chest, legs, and inner and outer thighs in a sexual manner during a pat down search on a later date).

Upon review of Plaintiff's allegations, the Court finds that the actions of Defendant One were "isolated, brief, and not severe[.]" *Jackson v. Madery*, 158 F. App'x at 661-62. Therefore, the claim of sexual assault will be dismissed for failure to state a claim upon which may be granted.

Moreover, to the extent Plaintiff alleges a separate claim for violation of PREA, PREA does not create a private cause of action which can be brought by an individual plaintiff.

*See Good v. Ohio Dep't of Rehab. & Corr.*, No. 2:11-cv-00857, 2011 U.S. Dist. LEXIS 127558, at *5 (S.D. Ohio Nov. 3, 2011); *Pope v. Oregon Dep't of Corr.*, No. 3:10-cv-00632-KI, 2012 U.S. Dist. LEXIS 71218, at *4 (D. Or. May 22, 2012) ("[I]t is well established that there is no private right of action under PREA.") (citing *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 U.S. Dist. LEXIS 58021, at *1 (E.D. Cal. Apr. 25, 2012) (citing numerous cases)); *LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016, at *2 (D. Minn. May 18, 2009) (PREA "does not create a right of action that is privately enforceable by an individual civil litigant."). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. . . . The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 U.S. Dist. LEXIS 61460, at *3 (D. Vt. Aug. 12, 2008) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002)); *see also Jones v. Schofield*, No. 1:08-CV-7 (WLS), 2009 U.S. Dist. LEXIS 26643, at *2 (M.D. Ga. Mar. 30, 2009). Therefore, Plaintiff's claim alleging a violation of PREA must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also alleges that he was subjected to verbal assault by Defendant One. The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on

7

mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Accordingly, Plaintiff's allegations of verbal assault by Defendant One will be dismissed for failure to state a claim upon which relief may be granted.

*Failure to investigate*

Plaintiff also asserts that Defendants failed to properly investigate his allegations of sexual assault. However, a claim based on an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Browder v. Parker*, No. 5:11CV-P29-R, 2011 U.S. Dist. LEXIS 64061, at *20 (W.D. Ky. Jun. 15, 2011) ("Private citizens, whether or not they are incarcerated, have no constitutional or federal statutory right to compel the investigation of another person.") (citing *Diamond*, 476 U.S. at 64-65; *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002)); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence.") (citation omitted). Accordingly, Plaintiff's claim that Defendants failed to properly investigate his allegations will be dismissed for failure to state a claim.

*Failure to protect*

Plaintiff also alleges that Defendants failed to protect him from the alleged assault. In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To maintain an Eighth Amendment claim based on a failure to prevent harm, an inmate must allege both an objective and subjective component. *Id*. at 334. With regard to the objective

8

component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to allege that the defendant acted with "deliberate indifference" to that risk. *Id.* "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

> Indeed, as the Court of Appeals for the Seventh Circuit explained:
>
> In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Mere negligence (for example if a prison guard should know of a risk but does not) is not enough to state a claim of deliberate indifference under the Eighth Amendment. It is also not sufficient to show that the prison guard merely failed to act reasonably.

*Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (internal quotation marks and citations omitted).

With regard to establishing the first component – substantial risk of serious harm – an inmate must allege that he was incarcerated under conditions posing a substantial risk of serious harm. *Hester v. Morgan*, 52 F. App'x 220, 222 (6th Cir. 2002). To do so, he must allege that "there was a substantial risk of serious harm to inmates generally, or to himself specifically." *Id*. at 223. Plaintiff makes no allegation that there was any prior warning or threat to him or that he had been the subject of an assault in the past. Because Plaintiff has failed to allege that a substantial risk of harm existed, he fails to state a claim upon which relief may be granted. *See, e.g.*, *Fanning v. Voyles*, No. 2:13-cv-02011-WMA-HGD, 2014 U.S. Dist. LEXIS 164376, at *11 (N.D. Ala. Oct. 9, 2014) (finding no substantial risk of harm to plaintiff existed where assaulting inmate had spat on and kicked another inmate several days prior to his attack on the plaintiff); *cf. Sousa v. Anglin*, 481 F. App'x 265, 267 (7th Cir. 2012) (finding that plaintiff had alleged that he

was incarcerated under conditions posing a substantial risk of harm where his cellmate weighed 260 pounds, was known as a "barn boss," and had a history of attacks on at least five prior cellmates); *Green v. Bowles*, 361 F.3d 290, 294-95 (6th Cir. 2004) (concluding that the plaintiff had satisfied the first element of a failure-to-protect claim by alleging that, as a transgendered inmate, she was vulnerable to assaults by other inmates and that the assaulting inmate had "a long institutional history of being a disruptive, violent inmate" and was "a maximum-security inmate").

Secondly, even if Plaintiff could demonstrate that he was incarcerated under conditions imposing a substantial risk of harm, he has failed to present evidence which demonstrates that any Defendant knew of and disregarded that risk. Courts have generally held that unexpected incidents are insufficient to establish a claim for deliberate indifference. *See, e.g.*, *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) ("Courts routinely deny deliberate indifference claims based on surprise attacks.") (citation omitted). Plaintiff does not allege that he complained to prison officials about any threat to his safety. Nothing in the complaint demonstrates that the alleged assault was anything but an unexpected incident or gives any other indication that Defendants knew of and disregarded a risk of harm to Plaintiff.

Accordingly, Plaintiff's failure-to-protect claim must be dismissed for failure to state a claim upon which relief may be granted.

### *Retaliation*

Upon review, the Court will allow Plaintiff's retaliation claims to proceed against Defendants Loney, Beck, and Hart based on his allegations that he was issued a disciplinary report and conviction in retaliation for filing a PREA complaint against Defendant One. In

allowing these claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims alleging sexual and verbal assault, failure to investigate, and failure to protect are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against him, the Clerk of Court is **DIRECTED to terminate Defendant One** as a party to this action.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:  March 28, 2018

                                                Joseph H. McKinley, Jr., Chief Judge
                                                United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010